1
2
3
4
5
6
7
8
9
10

United States District Court
Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

FRANCISCO ALCAZAR,

      Defendant.

Case Nos. 10-CR-00117-LHK
             06-CR-00095-LHK

**ORDER DENYING MOTION FOR
CONCURRENT SENTENCES**

Re: Dkt. No. 31

On February 15, 2006, Defendant Francisco Javier Alcazar ("Defendant") was indicted for distribution of methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. *See United States v. Alcazar*, Case No. 06-CR-00095 ("2006 Case"), ECF No. 5. On September 28, 2009, Defendant pleaded guilty to a Superseding Information, which charged Defendant with two counts of using a cellular telephone to commit a controlled substance offense, in violation of 21 U.S.C. § 843(b). *See* 2006 Case, ECF No. 125 ("Superseding Information"); ECF No. 123 ("2006 Case Plea Agreement"). Defendant agreed in the 2006 Case Plea Agreement to a sentence of "36 months imprisonment for count 1 to run consecutively to 48 months for count two for a total of 84 months imprisonment." *See* 2006 Case Plea Agreement, ¶ 8. Moreover, in the 2006 Case Plea Agreement Defendant waived his right to "file any collateral attack on [his] conviction(s) or sentence." *See id.* ¶ 5.

1
Case Nos. 10-CR-00117-LHK, 06-CR-00095-LHK
ORDER DENYING MOTION FOR CONCURRENT SENTENCES

United States District Court
Northern District of California

1    On February 3, 2010, Defendant failed to appear for sentencing in the 2006 Case. *See*

2    2006 Case, ECF No. 132.

3    On February 17, 2010, Defendant was charged in a separate indictment for one count of

4    violating 18 U.S.C. § 3146(a)(1) by failing to appear for sentencing. *United States v. Alcazar*, 10-

5    CR-00117 ("2010 Case").  On June 9, 2011, Defendant pleaded guilty to violating 18 U.S.C. §

6    3146(a)(1), and Defendant entered into a Plea Agreement wherein Defendant agreed to a sentence

7    of "24 months imprisonment and 3 years of supervised release . . . to be served consecutively to

8    the binding sentence of 7 years of imprisonment and 3 years of supervised release in" the 2006

9    Case. *See* 2010 Case, ECF No. 24 ("2010 Case Plea Agreement"), ¶ 8.  Further, in the 2010 Case

10   Plea Agreement Defendant waived his right to "file any collateral attack on [his] convictions or

11   sentence." *Id. ¶* 5.

12   On August 4, 2011, Defendant was sentenced in the 2006 Case to 84 months imprisonment

13   on Count One of the Superseding Information, and 48 months imprisonment on Count Two of the

14   Superseding Information, to be served consecutively to each other. *See* 2006 Case, ECF No. 154.

15   On that same day, Defendant was sentenced in the 2010 Case to a sentence of 24 months

16   imprisonment, to be served consecutively to Defendant's sentence in the 2006 Case. *See* 2010

17   Case, ECF No. 27.

18   On October 13, 2015, Defendant filed a "Motion to Requested Sentence Term to Run

19   Concurrently." ECF No. 31.  Defendant argued that he "was prosecuted for the same offense and

20   given multiple punishment for the same offense," in violation of the Double Jeopardy Clause of

21   the U.S. Constitution. *Id.* at 11.  On February 9, 2017, the Government filed a brief in opposition.

22   ECF No. 35.

23   The Double Jeopardy Clause provides a Defendant "protection against multiple

24   punishments for the same offense." *United States v. Scarano*, 76 F.3d 1471, 1474 (9th Cir. 1996).

25   "An indictment is multiplicitous if it charges a single offense in more than one count." *United*

26   *States v. Awad*, 551 F.3d 930, 937 (9th Cir. 2009).  "The test for multiplicity is whether each count

27   'requires proof of a[n additional] fact which the other does not.'" *Id.* (quoting *Blockburger v.*

28

2

Case Nos. 10-CR-00117-LHK, 06-CR-00095-LHK
ORDER DENYING MOTION FOR CONCURRENT SENTENCES

United States District Court
Northern District of California

1     *United States*, 284 U.S. 229, 304 (1932)).  For the reasons discussed below, Defendant's motion is

2     without merit.

3            First, the two counts in Defendant's 2006 Case are not multiplicitous of each other.

4     Defendant acknowledged in the 2006 Case Plea Agreement that the conduct at issue in Count One

5     occurred on November 19, 2005, and the conduct at issue in Count Two occurred on January 31,

6     2006.  *See* 2006 Case Plea Agreement.  Thus, Defendant pleaded guilty to violating § 843(b) on

7     two occasions by making two separate phone calls on two separate dates.  Defendant's

8     consecutive sentences do not violate the Double Jeopardy Clause.  *See United States v. Moore*,

9     653 F.2d 384, 391 (9th Cir. 1981) (holding that defendant could be sentenced consecutively for

10    two counts of soliciting money in exchange for a promise not to testify because the defendant

11    made two separate phone calls and "each call . . . require[d] proof distinct from the other.").

12           Second, the charge in Defendant's 2010 Case is not multiplicitous of the charges in

13    Defendant's 2006 Case.  Defendant pleaded guilty in the 2010 Case to failing to appear for

14    sentencing on February 3, 2010, in violation of 18 U.S.C. § 3146(a).  This is an entirely separate

15    offense from the offenses at issue in Defendant's 2006 Case and occurred on a separate date.

16    Accordingly, Defendant's consecutive sentence in the 2010 Case does not violate the Double

17    Jeopardy Clause.  *See Moore*, 653 F.2d at 391; *see also Blockburger*, 284 U.S. at 304.

18           Finally, as stated above, the 2006 Case Plea Agreement and the 2010 Case Plea Agreement

19    both contained language waiving Defendant's right to collaterally attack his sentence.  *See* 2006

20    Case Plea Agreement, ¶ 5 ("I agree to waive any right I may have to file any collateral attack on

21    my conviction(s) or sentence."); 2010 Case Plea Agreement, ¶ 5 (same).  Accordingly, Defendant

22    has waived his right to bring the instant motion.

23           For the foregoing reasons, Defendant's motion is DENIED.

24    **IT IS SO ORDERED.**

25    Dated: February 16, 2017

26    _____

27    LUCY H. KOH
      United States District Judge

28                                        3
      Case Nos. 10-CR-00117-LHK, 06-CR-00095-LHK
      ORDER DENYING MOTION FOR CONCURRENT SENTENCES